UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KALEAB MEKURIYA,  <br>  Plaintiff(s),  <br> v.  <br> THE TRAVELERS INDEMNITY COMPANY, et al.,  <br>  Defendant(s). | Case No. 2:22-cv-00214-JCM-EJY  <br>  ORDER |

Presently before the court is plaintiff Kaleb Mekuriya's ("Mekuriya") motion for remand. (ECF No. 13). Defendant Indian Harbor Insurance Company ("Indian Harbor") filed a response (ECF No. 15), to which Mekuriya replied (ECF No. 17).

Also before the court is Indian Harbor's motion for leave to file a surreply. (ECF No. 18). Mekuriya filed a response (ECF No. 23), to which Indian Harbor replied (ECF No. 24).[1]

**I.   Background**

This breach of contract and insurance bad faith matter arises from defendants' Indian Harbor, Travelers Indemnity Company, and Constitution State Services's (collectively "defendants") alleged refusal to remit full payment for Mekuriya's car insurance claim. (ECF No. 13-1 at 12). On May 29, 2019, Mekuriya was involved in a crash while driving for Lyft, a rideshare service company. (*Id*. at 4). Mekuriya alleges that at that time, "Lyft contracted on [his] behalf with [defendants]for primary liability insurance to act as primary coverage any time he accepts a ride request until the ride ends." (*Id*. at 13).

---

[1] The court GRANTS Indian Harbor's motion for a surreply. Mekuriya's reply raised a new issue regarding his alleged damages that warranted a reply.

**James C. Mahan**
**U.S. District Judge**

Mekuriya's single policy limit at the time of the accident was $250,000 with both Indian Harbor and Constitution State Services, and $150,000 with Travelers Indemnity Company. (*Id.* at 6). On February 19, 2020, Mekuriya provided "his insurer"[2] with a copy of his medical records and bills, including $23,470.05 in past medical expenses, $15,001.12 in lost wages, and $5,171.22 in property damages. (*Id.* at 5).

On February 29, 2020, Mekuriya sought $150,000 from defendants to settle his claims. (*See* ECF No. 15-4 at 2). On May 5, 2020, Indian Harbor counter offered Mekuriya $28,500, contending that Mekuriya's medical costs were inflated. (ECF No. 13-1 at 6, 9). To date, defendants have not offered more than $32,000 to settle Mekuriya's claims. (*See id.* at 12). After settlement negotiations failed to secure a satisfactory offer, Mekuriya filed the instant suit in Nevada state court on November 9, 2021. (ECF No. 1-2). Mekuriya served Indian Harbor through the Nevada Commissioner of Insurance on January 5, 2022, and Indian Harbor timely removed this matter to this court on February 4, 2022. (ECF Nos. 1-1; 1-4).

## II. Legal Standard

A defendant can remove any civil action over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Yet federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). That is why there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). To avoid remand, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

---

[2] Mekuriya refers to "his insurer" broadly throughout his amended complaint. However, he does not define this term. He does indicate that defendants are third-party administrators for "his insurer;" so, the court interprets "his insurer" as the intermediary broker between defendants and Mekuriya for his claims.

James C. Mahan
U.S. District Judge

- 2 -

The court will resolve all ambiguities in favor of remand. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992); *Hunter*, 582 F.3d at 1042.

### III. DISCUSSION

As an initial matter, the parties do not dispute that they are entirely diverse citizens of different states. Instead, they dispute the amount in controversy at issue.

#### A. Indian Harbor presents supplemental evidence showing that the amount in controversy is more than $75,000.00

"In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is made in good faith.'" *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). However, at the time of removal, parties may submit supplemental evidence to show that the amount in controversy is over $75,000.00. *Id.* (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The court need only find a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Here, the total amount of damages Mekuriya claims is not apparent from the face of the amended complaint. (*See* ECF No. 13-1). However, the "amount-in-controversy inquiry in the removal context is not confined to the face of the complaint," and the parties can offer any "summary-judgement-type evidence" to support their positions. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Further, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

Here, Mekuriya demanded $150,000 during settlement negotiations. (ECF No. 15 at 4; *see* ECF Nos. 15-3; 15-4). To support that this amount is a reasonable estimation of Mekuriya's claims, Indian Harbor offers Mekuriya's initial disclosures, where Mekuriya asserts an estimated

**James C. Mahan
U.S. District Judge**

- 3 -

computation of damages totaling $88.643.63—without considering attorney's fees and punitive damages.  (ECF Nos. 18 at 3; 18-1 at 23).[3]

Based on this evidence, Indian Harbor has plausibly alleged that the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Mekuriya's motion to remand (ECF No. 13) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Indian Harbor's motion for leave to file a surreply (ECF No. 18) be, and the same hereby is, GRANTED.

DATED June 8, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The court notes that Mekuriya's initial disclosures specifically qualify these calculations as "for settlement purposes only."  However, the court can consider settlement documents when they present a reasonable estimate of the plaintiff's claim.  *See Cohn*, 281 F.3d at 840.

**James C. Mahan**
**U.S. District Judge**

- 4 -